## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JACOB MICHAEL KING, on behalf of himself and all other similarly situated employees, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHT VOLUNTEER FIRE COMPANY INC., an Indiana domestic non-profit corporation,<br><br>Defendant. | Case No.: 1:24-cv-02248<br><br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES the plaintiff, JACOB MICHAEL KING, by and through his attorneys of record, on behalf of himself and all other similarly situated employees, known and unknown, and complaining of the defendant, BRIGHT VOLUNTEER FIRE COMPANY INC., an Indiana domestic non-profit corporation, alleges as follows:

### INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as a result of the defendant's failure to pay the plaintiff and other similarly situated employees of the defendant (the "Collective Class") time and one-half compensation for the overtime hours (in excess of 40 in any given week) they were mandated to work. The plaintiff brings this claim pursuant to Section 216(b) of the FLSA, seeking unpaid overtime compensation, damages, and equitable relief.

### PARTIES

2. Plaintiff, JACOB MICHAEL KING, age 18 and *sui juris,* is a resident of Lawrenceburg, Indiana. At all relevant times mentioned herein, the plaintiff was employed by the

1

defendant, Bright Volunteer Fire Company Inc. from approximately July 2020 until his termination on August 5, 2024.

3. Defendant, BRIGHT VOLUNTEER FIRE COMPANY INC., is an Indiana nonprofit corporation with its principal office located at 23759 Brightwood Drive, Lawrenceburg, IN, 47025, USA, is registered under the laws of the State of Indiana and operates as a provider of emergency medical and firefighting services.

4. The plaintiff brings this matter on behalf of himself and all other similarly situated employees, known and unknown, who were employed by the defendant and who were similarly not compensated for overtime hours in violation of the FLSA.

## JURISDICTION AND VENUE

5. Federal question jurisdiction is conferred on this Court by Section 16(b) of the Fair Labor Standards Act and 28 U.S.C. § 1331, as this action involves a federal statute.

6. Venue is proper in this Court as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district. The plaintiff was employed by the defendant, whose principal place of business is located at 23759 Brightwood Drive, Lawrenceburg, IN, 47025, and whose operations and business activities relevant to this case are conducted within this district.

7. Further, venue is proper pursuant to 28 U.S.C. § 1391, because the defendant conducts a significant portion of its business activities from its principal place of business at 23759

Brightwood Drive, Lawrenceburg, IN, 47025, within this district. It is therefore a district in which a substantial part of the events or omissions giving rise to the claim occurred.

## COLLECTIVE ACTION UNDER THE FLSA

8. The plaintiff brings this case as a collective action under the Fair Labor Standards Act (FLSA) on behalf of himself and the Collective Class, pursuant to Section 16(b) of the FLSA. The plaintiff has provided written consent to bring such an action, which is attached hereto as **Exhibit A**. This action seeks to represent all similarly situated current and former employees of the defendant who have not been paid overtime wages for hours worked in excess of forty hours per week.

## GENERAL ALLEGATIONS

9. At all times relevant to this action, the defendant has been engaged in the business of providing emergency medical and firefighting services.

10. At all times relevant to this action, the defendant employed the plaintiff and the Collective Class in activities predominantly involving interstate commerce.

11. The defendant is engaged in operations that affect interstate commerce through its provision of emergency medical and firefighting services, thus falling under the provisions of the Fair Labor Standards Act.[1]

12. The defendant operates as a domestic nonprofit corporation.[2]

13. The defendant employs numerous personnel, including the plaintiff, in various capacities integral to its operations, involving the provision of critical public safety services.

---

[1] Emergency medical services, including ambulance services that assist victims of motor vehicle accidents on public highways, are engaged in interstate commerce and thus fall under the protections of the Fair Labor Standards Act. *Felker v. Southwestern Emergency Med. Serv.*, 521 F. Supp. 2d 857, 861 (S.D. Ind. 2007).

[2] Nonprofit organizations engaged in commercial activities are subject to the Fair Labor Standards Act. *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 299 (1985).

14. Plaintiff and the Collective Class were explicitly hired as employees and entered into an employment relationship with the expectation of regular compensation.

15. Plaintiff and the Collective Class were hired with the expectation of compensation and were scheduled for shifts in a manner typical of paid employees, not volunteers.

16. At all times relevant to this action, the defendant has employed a business model wherein operational and administrative responsibilities are managed by designated officers and employees at its principal place of business.

17. At all times relevant to this action, upon information and belief, the various operations of the defendant were managed centrally from its principal office, with operational decisions including staffing, scheduling, and payroll being coordinated across the organization.

18. There exists a federal statute, the Fair Labor Standards Act (FLSA), which mandates overtime pay for hours worked in excess of forty in a workweek. Specifically, 29 U.S.C. § 207(a)(1) states: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

19. There exists a state statute, the Indiana Wage and Hour Law, which mandates overtime pay for hours worked in excess of forty in a workweek. Specifically, Ind. Code § 22-2-2-4 states: "Except as otherwise provided in this section, no employer shall employ any of his employees in any workweek for a number of hours in excess of forty (40) unless such employee

receives compensation for his employment in excess of such hours at a rate not less than one and one-half times the regular rate at which he is employed." Ind. Code § 22-2-2-4.

20. At all times relevant to this action, the defendant structured its operations such that employees, including the plaintiff and the Collective Class, were regularly required to work overtime hours without receiving the legally mandated overtime compensation.

21. The plaintiff and the Collective Class were required to work overtime hours as dictated by the operational needs of the defendant, without receiving the legally mandated overtime compensation, despite their status as employees with a clear expectation of such pay.

22. Upon information and belief, at all times relevant to this action, the defendant has engaged in a pattern or practice of failing to pay overtime compensation to the plaintiff and the members of the Collective Class, in violation of the Fair Labor Standards Act.

23. Despite the clear applicability of the FLSA, the defendant has willfully failed to compensate the plaintiff and the Collective Class at the overtime rate of one and one-half times the regular rate of pay for hours worked in excess of forty per week, as required by 29 U.S.C. § 207(a).

24. The failure of the defendant to compensate its employees for overtime work has been a willful violation of the FLSA, designed to reduce operational costs at the expense of the plaintiff and the Collective Class.

25. The defendant's actions have caused financial harm to the plaintiff and the Collective Class, who have worked in excess of forty hours per week without receiving overtime pay.

26. The defendant's practices concerning overtime pay have not been isolated incidents, but rather part of a systematic policy applied to all similarly situated employees.

27. The defendant's failure to pay required overtime wages constitutes a repeated and willful violation of the FLSA, resulting in substantial damages to the plaintiff and the Collective Class.

## COUNT I
### (Violation of the FLSA)

28. The plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29. The defendant, BRIGHT VOLUNTEER FIRE COMPANY INC., violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., specifically by:

   a. Failing to pay the plaintiff at a rate not less than one and one-half times his regular hourly rate for the overtime hours (in excess of 40 in any given week) he worked;

   b. Failing to pay the Collective Class members at rates not less than one and one-half times their respective, regular, hourly rates for the overtime hours they worked.

30. The defendant's violations of the FLSA were willful in that the defendant was aware or should have been aware of their obligations under the FLSA but nevertheless attempted to circumvent its provisions.

31. The defendant failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE, the plaintiff, JACOB MICHAEL KING, on behalf of himself and all other similarly situated employees, known and unknown, on behalf of himself and the Collective Class, prays for judgment in his favor and against the defendant, BRIGHT VOLUNTEER FIRE COMPANY INC., an Indiana domestic non-profit corporation, and seeks the following relief:

   a. Damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for

    which the defendant failed to pay the plaintiffs at rates not less than one and one-half times their respective, regular, hourly rates;

b. Statutory liquidated damages as allowed by the FLSA;

c. Interest on all amounts awarded;

d. Attorneys' fees, together with costs of suit and collection;

e. Such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of Indiana Overtime Laws)

32. The plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth in this Count II.

33. The defendant, Bright Volunteer Fire Company Inc., violated Indiana overtime laws, specifically Ind. Code § 22-2-2-4, by:

a. Failing to pay the plaintiff at a rate not less than one and one-half times his regular hourly rate for the overtime hours (in excess of 40 in any given week) he worked;

b. Failing to pay the Collective Class members at rates not less than one and one-half times their respective, regular, hourly rates for the overtime hours they worked.

34. The defendant's violations of Indiana's overtime laws were willful in that the defendant was aware or should have been aware of their obligations under these laws but nevertheless attempted to circumvent its provisions.

35. The defendant failed to take affirmative steps to ascertain their obligations under Indiana law.

WHEREFORE, the plaintiff, JACOB MICHAEL KING, on behalf of himself and all other similarly situated employees, known and unknown, on behalf of himself and the Collective Class, prays for judgment in his favor and against the defendant, BRIGHT VOLUNTEER FIRE COMPANY INC., an Indiana domestic non-profit corporation, and seeks the following relief:

a.  Damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendant failed to pay the plaintiffs at rates not less than one and one-half times their respective, regular, hourly rates;

b.  Statutory damages as provided under Indiana law;

c.  Interest on all amounts awarded;

d.  Attorneys' fees, together with costs of suit and collection;

e.  Such further relief as may be fair and just in the premises.

Respectfully submitted,


s/ Shaun Bushing
_____
**Shaun Bushing**
*Attorney for Plaintiff*

Shaun R. Bushing
Amatore & Bushing
Bar Number: 38497-45
1157 W Newport Avenue, Suite K
Chicago, Illinois 60657
888-598-8861
shaun@amatorebushing.com

Roy P. Amatore
Amatore & Bushing
(*Pro Hac Vice* application to be submitted)
1157 W Newport Avenue, Suite K
Chicago, Illinois 60657
888-598-8861
roy@amatorebushing.com